UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY FRANK SPEROW,<br><br>    Petitioner,<br><br> v.<br><br>FELICIA PONCE, Warden,<br><br>    Respondent.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) NO. CV 19-10525-KS<br><br>MEMORANDUM OPINION AND ORDER |

## INTRODUCTION

On December 12, 2019, Petitioner, a federal prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). (Dkt. No. 1.) On December 16, 2020, the Court ordered service of the Petition on Respondent. (Dkt. No. 3.) On February 5, 2020, the parties consented to proceed before the undersigned United States Magistrate Judge. (Dkt. Nos. 6, 7, 8.) On March 6, 2020, Respondent filed a Motion to Dismiss (the "Motion"), primarily on the grounds that the Petition is moot. (Dkt. No. 13.) Pursuant to the Court's December 16, 2020 Order, Petitioner's Opposition to that Motion was due within 30 days of service of the Motion—that is, no later than April 5, 2020. (*See* Dkt. No. 3 at 3.)

On April 27, 2020, three weeks after the deadline for Petitioner's opposition had passed, the Court ordered Petitioner to show cause no later than May 18, 2020 why the Court should not recommend dismissal based on Petitioner's failure to prosecute and oppose the motion to dismiss. (Dkt. No. 14.) The Court noted that, pursuant to Local Rule 7-12, a party's failure to file a required document such as an opposition to a motion "may be deemed consent to the granting [ ] of the motion." (*Id.*) On May 11, 2020, the Court received its April 27, 2020 returned marked undelivered because Petitioner was no longer in custody. (Dkt. No. 15.) Pursuant to Local Rule 41-6, the action is now also subject to dismissal for want of prosecution because Plaintiff failed to notify the Court in writing of his change in address within 15 days of May 11, 2020—the date that mail directed to him by the Clerk's office was first returned to the Court marked undelivered. L.R. 41-6 ("A party proceeding *pro se* shall keep the Court . . . apprised of such party's current address . . . . If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.").

More than three weeks have now passed since Petitioner's opposition to the Motion or response to the Court's Order to Show Cause was due and almost five months have passed since Petitioner last communicated with the Court about his case. The Court therefore concludes that the Complaint should be dismissed without prejudice for failure to prosecute, oppose a motion to dismiss, and comply with court orders, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 7-12.

## DISCUSSION

Under Local Rule 7-12, a litigant's "failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of [a] motion."

In addition, Rule 41(b) of the Federal Rules of Civil Procedure grants federal district courts the authority to *sua sponte* dismiss actions for failure to prosecute. *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962). In determining whether dismissal for lack of prosecution is proper, a court must weigh several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

In this case, the first two factors – public interest in expeditious resolution of litigation and the need to manage the Court's docket – weigh in favor of dismissal. Petitioner has allowed a motion to dismiss to languish unopposed on the Court's docket for three months and failed to communicate with the Court about his case for nearly five months. Petitioner's inaction, despite the Court's orders, hinders the Court's ability to move this case toward disposition and indicates that Petitioner does not intend to litigate this action diligently.

The third factor – prejudice to Respondent – also counsels in favor of dismissal. The prejudice to a defendant simply from the pendency of a lawsuit is insufficient, on its own, to warrant dismissal. *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984). However, the Ninth Circuit has held that prejudice may be presumed from unreasonable delay. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994); *Moore v. Teflon Commc'ns. Corp.*, 589 F.2d 959, 967-68 (9th Cir. 1978). Although this presumption may be rebutted where a plaintiff proffers a non-frivolous excuse for the delay, *see Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002); *Pagtalunan*, 291 F.3d at 642 (citing *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999), Petitioner has provided no explanation, frivolous or otherwise, for his failure to engage in this matter and oppose the pending motion to dismiss. Further, pursuant to Local Rule 7-12, Petitioner's failure to oppose the Motion "may be deemed consent to granting [it]." Accordingly, the "prejudice" element favors dismissal.

The fourth factor – the availability of less drastic sanctions – ordinarily counsels against dismissal. However, the Court gave Petitioner an opportunity to avoid dismissal when it issued the April 27, 2020 Order To Show Cause, and Petitioner neither complied with the Order nor responded to it. It therefore appears that no lesser sanction is available in this case. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.") (citation omitted). The Court therefore concludes that sanctions other than dismissal are not appropriate.

Only the fifth factor, the general policy favoring resolution of cases on the merits, arguably favors retention of this action on the Court's docket. It is, however, the responsibility of the moving party to move the case toward disposition on the merits at a reasonable pace and to refrain from dilatory and evasive tactics. *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). The Court cannot dispose of a case on its merits when the petitioner fails to comply with court orders, neglects to oppose a pending motion to dismiss, fails to keep the Court apprised of his current address, and has not communicated with the Court about his case for nearly five months. Thus, it does not appear that the Court's retention of this action would increase the likelihood that the matter would be resolved on its merits.

**ORDER**

For the foregoing reasons, IT IS ORDERED that this action is dismissed without prejudice.

DATE: June 11, 2020

_____
KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE